UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ARMAND R. CALHOUN,<br><br>               Plaintiff,<br><br>   v.<br><br>PIERCE COUNTY, et. al,<br><br>               Defendants. | CASE NO. C20-5788 BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, DENYING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT, AND GRANTING PLAINTIFF LEAVE TO AMEND |

This matter comes before the Court on Defendants Pierce County, Kevin Boyle, Vicki Hogan, Gerald Johnson, Linda CJ Lee, Edmund Murphy, Pierce County, David Shaw, Katherine Stolz, Amanda Vitakainen, and Shawn Waite's ("Pierce County Defendants") motion to dismiss, Dkt. 10, and Plaintiff Armand Calhoun's ("Calhoun") motion to amend, Dkt. 19, motion for judgment, Dkt. 23, and motion for default judgment, Dkt. 39. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby rules for the reasons stated herein.

## I. PROCEDURAL HISTORY

On July 9, 2020, Calhoun filed an amended complaint in Pierce County Superior Court for the State of Washington against numerous defendants, including the Pierce County Defendants, asserting numerous causes of action. Dkt. 1-2. On August 6, 2020, the Pierce County Defendants removed the matter to this Court. Dkt. 1.

On August 7, 2020, Calhoun filed a motion to proceed *in forma pauperis*, Dkt. 7, and a motion to appoint counsel, Dkt. 8. On August 13, 2020, the Pierce County Defendants filed a motion to stay discovery. Dkt. 12. On August 28, 2020, the Court denied Calhoun's motions and granted the Pierce County Defendant's motion. Dkt. 21.

On August 13, 2020, the Pierce County Defendants filed a motion to dismiss. Dkt. 10. On August 19, 2020, Calhoun filed a motion to amend. Dkt. 19. On August 31, 2020, Calhoun responded to the Pierce County Defendants' motion and filed a motion for judgment pursuant to Fed. R. Civ. Pro. 9(e) and 55.[1] Dkt. 23. On September 3, 2020, the Pierce County Defendants replied and responded to Calhoun's motion. Dkt. 27. On September 8, 2020, Calhoun replied. Dkt. 30.

On October 8, 2020, Calhoun filed a motion for default judgment. Dkt. 39. On October 12, 2020, the Pierce County Defendants responded. Dkt. 41. On October 14, 2020, Defendants Allianceone Receivables Management, Inc. ("Allianceone"), K.C.

---

[1] Calhoun labels his motion a motion for summary judgment, but requests relief under Fed. R. Civ. P. 9(e) and 55. The Court, in reviewing the motion, finds that Calhoun does not comply with the requirements of Fed. R. Civ. P. 7(b) in stating with particularity the grounds for seeking the order. Rather, it appears that Calhoun's motion is a response to the Pierce County Defendants' motion to dismiss, Dkt. 10. The Court therefore denies Calhoun's motion for judgment, Dkt. 23.

1 Hawthorne, Timothy Casey, and Harry Neerenberg (collectively "Allianceone

2 Defendants") responded. Dkt. 42.

## II.  FACTUAL BACKGROUND

Calhoun's claims appear to be based on allegedly unpaid fines stemming from criminal judgments against him. Dkt. 1-2. The fines were apparently sent to collections, and now Calhoun is asserting numerous causes of action based on imposition of the fines themselves and the process of turning the fines over to collection agencies. *Id.*

On February 27, 2009, Calhoun had legal financial obligations ("LFO") of $1,100.00 imposed as part of his judgment and sentence under Pierce County Superior Court Cause No. 081-03826-4. *Id.* at 6. On September 15, 2016, Calhoun had an LFO of $800.00 imposed as part of his judgment and sentence under Pierce County Superior Court Cause Nos. 15-1-04457-7 and 16-1-03111-2. *Id.* at 6–7. It appears that Calhoun went into default and that the collection of the outstanding LFOs was assigned to Allianceone. *Id.* at 7. Calhoun alleges that the collection of the unpaid LFOs is improper and a breach of contract. *Id.* at 5, 11.

Calhoun additionally alleges that on March 11, 2019 Defendants Commissioner Gerald Johnson and Pro Temp [sic] Kevin Boyle wrongfully granted an improper restraining order under Superior Court Cause No. 18-3849-8. *Id.* at 8.

## III.  DISCUSSION

**A.   Pierce County Defendants' Motion to Dismiss**

The Pierce County Defendants move to dismiss Calhoun's claims against it, arguing that this Court lacks subject matter jurisdiction over the claims and personal

1 | jurisdiction over the Pierce County Defendants. Dkt. 10 at 3–4. The Pierce County
2 | Defendants also argue that Calhoun fails to state a claim upon which relief can be
3 | granted. *Id.* at 6.

4 | The Court agrees with Defendants that Calhoun fails to state a claim because
5 | Calhoun fails to provide "a short and plain statement of [each] claim showing that [he] is
6 | entitled to relief" for his claims. Fed. R. Civ. P. 8(a)(2). It appears that Calhoun brings a
7 | claim for breach of contract and quo warranto, Dkt. 1-2 at 4, but the Court is unable to
8 | understand all of Calhoun's claims and factual basis for each claim. To survive a motion
9 | to dismiss, the complaint does not require detailed factual allegations but must provide
10 | the grounds for entitlement to relief and not merely a "formulaic recitation" of the
11 | elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
12 | Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face."
13 | *Id.* at 570.

14 | To the extent that the Court recognizes Calhoun's claims, he fails to provide
15 | enough facts to support his claims. In regard to his breach of contract claim, Calhoun
16 | must identify the contract and allege facts to support how the contract was breached to
17 | state a claim for relief. Calhoun's claim for quo warranto requires an allegation of
18 | Calhoun's "interest in the office, franchise, or corporation which is the subject of the
19 | information." RCW 7.56.020. Calhoun has not alleged that he has a special interest in any
20 | of the elected franchise or public office of the Pierce County Defendants he requests that
21 | the Court oust from their office.

22

The Court is unable to understand the remainder of Calhoun's claims. Such a failure to understand the claims and supporting facts results in a failure to consider whether these claims are time-barred or whether the Court lacks jurisdiction to hear the claims. Therefore, the Court grants the Pierce County Defendants' motion to dismiss.

**B.      Individual Pierce County Defendants' Immunity**

Calhoun brings suit against Pierce County and the State of Washington, as well as a variety of individuals who Calhoun interacted with in Pierce County Superior Court. He brings claims Public Defender David Shaw, former Pierce County Superior Court Judge Vicki Hogan, former Pierce County Superior Court Judge Katherine Stolz, Pierce County Superior Court Judge Edmund Murphy, Pierce County Superior Court Judge Garold Johnson, Pierce County Superior Court Judge Pro Tem Kevin Boyle, former Pierce County Prosecutor Sean Waite, Pierce County Prosecutor Claire Amanda Vitakainen, and former Pierce County Superior Court Judge Linda CJ Lee ("individual Pierce County Defendants").

The Pierce County Defendants argue that the individual Pierce County Defendants are immune from Calhoun's claims. The Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). Moreover, it is well established that judges enjoy absolute immunity from claims arising from any acts committed within their judicial functions. *See Mireles v. Waco*, 503 U.S. 9, 11 (1991); *Pierson v. Ray*, 386 U.S. 547, 553–55 (1967); *Bradley v. Fisher*, 80 U.S. 335 (1872). Judicial immunity is not overcome by allegations of bad faith

or malice. *Pierson*, 386 U.S. at 554. Similarly, prosecutors enjoy absolute immunity from liability when they act within the scope of their duties, such as in initiation and pursuing criminal prosecution and in presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976).

Here, it appears that Calhoun brings claims against the individual Pierce County Defendants for actions taken when performing their traditional functions and acting within the scope of their duties, including imposing LFOs and issuing restraining orders. Therefore, to extent that Calhoun alleges wrongdoing arising from the individual Pierce County Defendants' official duties, Calhoun's claims are dismissed.

**C.  Calhoun's Motion for Default Judgment**

Calhoun moves for default judgment pursuant to Fed. R. Civ. Pro. 55, arguing that the Pierce County Defendants and Allianceone Defendants have not responded to his summary judgment motion and therefore he is entitled to default judgment. Dkt. 39. This motion is premature in the absence of an operative complaint. The Court therefore denies Calhoun's motion for default judgment.

**D.  Calhoun's Motion to Amend**

Before the Court may dismiss the complaint for failure to state a claim, it "must provide the pro se litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). Leave to amend need not be granted, though, "where the amendment would be futile or where the

amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

The Pierce County Defendants seek to have Calhoun's complaint dismissed with prejudice, Dkt. 10 at 18, but fail to address whether amendment would be futile. The Court finds that plaintiff could cure his complaint in amendment by alleging specific facts to support his claims. The Court therefore grants Calhoun's motion for leave to amend his complaint as outlined in his motion, Dkt. 19, and grants Calhoun leave to amend for the reasons stated herein.

If Calhoun files an amended complaint, the complaint shall contain "**a short and plain statement of [each] claim showing that [Calhoun] is entitled to relief**." Fed. R. Civ. P. 8(a)(2). Although there is no rule precluding voluminous complaints, both Defendants and the Court must be able to reasonably understand how each defendant's action injured Calhoun and why Calhoun is entitled to relief for such alleged injury. Failure to provide short statements of each claim may also result in dismissal of any amended complaint with or without prejudice. The Court further advises Calhoun to provide allegations of actions the individual Pierce County Defendants took outside their official capacities that resulted in the deprivation of his rights. Failure to provide such allegations will result in the Court finding that individual Pierce Country Defendants have immunity and the claims against them will be dismissed.

The Court additionally advises Calhoun to properly serve the Pierce County Defendants and Allianceone defendants in accordance with Fed. R. Civ. P. 4. *See Benny v. Pipes*, 799 F.2d 489, 493 (9th Cir. 1986) ("In a federal question case such as Benny's

suit, federal procedural law indisputably controls.") (internal citation omitted). Failure to properly serve the Defendants may result in dismissal.

### IV.  ORDER

Therefore, it is hereby **ORDERED** as follows:

(1) Pierce County Defendant's motion to dismiss, Dkt. 10, is **GRANTED**;

(2) Calhoun's motion for judgment, Dkt. 23, and motion for default judgment, Dkt. 39, are **DENIED**; and

(3) Calhoun's motion to amend, Dkt. 19, is **GRANTED**.

Dated this 28th day of October, 2020.

BENJAMIN H. SETTLE
United States District Judge