UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ARMAND R. CALHOUN, | CASE NO. C20-5788BHS |
| Plaintiff, | ORDER |
| v. | |
| PIERCE COUNTY, et al., | |
| Defendants. | |

THIS MATTER comes before the Court on the following motions: Defendant AllianceOne Receivables' Motion to Dismiss [Dkt. # 46]; and the Pierce County Defendants' Motion to Dismiss [Dkt. # 62]. The Washington State Defendants' Motion to Dismiss [Dkt. #s 79 and 81] and Defendant Dynamic Collections' Motion to Dismiss [Dkt. # 82] are noted for January 22, 2021 and will be addressed in a separate Order.

Also pending are at least twelve motions filed and noted by pro se Plaintiff Calhoun since November:

- An Amended Motion for Reconsideration, Severing and Extension of Time [Dkt. # 45];

- A Cross-Motion and Response to AllianceOne's Motion to Dismiss [Dkt. # 47];

- A "Cross-Motion re 19 motion to Amend 1 Notice of Removal, 46 Motion To Dismiss For Failure to State a Claim 23 Interlocutory Motion for Partial Summary Judgment 12 Motion to Stay *Discovery*, 47 Cross-Motion and Response re 45 Motion for Reconsideration, Severing and Extension of Time, 39 Agreed Motion for Default Judgment *FRCP 55, 56*, 10 Motion to Dismiss for Failure to State a Claim" [Dkt. # 54];
- An Unopposed Motion for Default Judgment against all responding parties [Dkt. # 75];
- An Unopposed Motion for Default Judgment Summary Judgment [Dkt. # 76];
- An Amended Motion for Default Judgment against Pierce County, et al. [Dkt. # 80];
- An Unopposed Motion for Default Judgment Alliance One Receivable Management Inc. [Dkt. # 83];
- An Amended Motion to Amend Judgment and Default Judgment against Dynamic Collections [Dkt. # 85];
- An Amended Motion for Contempt and for Contempt Default Judgment [Dkt. # 86];
- An Emergency Motion for Disbursement of Funds [Dkt. # 87];
- A Proposed Motion for Default Judgment [Dkt. # 88];
- An Interlocutory Motion for Default against the U.S. Department of Education [Dkt. # 90]; and,
- An Interlocutory MOTION for Default Judgment [Dkt. # 93].

# I. BACKGROUND

The facts and procedural history of the case were outlined in the Court's prior Order resolving the last flurry of motions. [Dkt. # 43]. Calhoun was apparently assessed a total of $3,900 in legal financial obligations (LFOs) resulting from criminal proceedings against him in Pierce County Superior Court between 2009 and 2016. Calhoun apparently did not pay his LFOs and the County sent the debts to collections. He sued Pierce County and various court and county officials, including judges, prosecutors and defense attorneys, the State and various state officials, and the collection agencies and their officers and employees. [Dkt. #s 1-2 and 51].

The Pierce County Defendants ("Pierce County") moved to dismiss, and Calhoun moved for leave to amend (and for other relief). The Court granted Pierce County's Motion to Dismiss but permitted Calhoun to file an amended complaint to state a plausible claim. [Dkt. # 43].

Calhoun's Third Amended Complaint [Dkt. # 51] names 46 defendants and asserts a hodge-podge of claims. Many of the defendants and claims are new. None of Calhoun's numerous filings contain any sort of "who what when were and why" narrative. Instead, his most recent complaint is filled with assertions like these:

> (3.01¶) Mr. Calhoun sets forth all preceding testamentary as attested hereunder: **APPLICATION 18-3-03849-8**;
> FACT: Unlawful Restraints, due to False Report; Bill of Rights Art. 5; Custodial Interference; State Bar Act; Chain of conspiracy;
> (3.02¶) *Calhoun v. Spellman, cv* 18-3-03849-8;

(3.03¶)    The Employer **Pro Temp Kevin Boyle, Mr. Garold Johnson, Mr. Cushcoff** and **Cliff Johnson**, with the assistance of Ms., Adrienne Spellman, Ms. April Welch; plus, DSHS Monica LaBeck, S. Carpenter, V. Campbell; in addition to NorthWestJusticeProject Mr. Adison Richards, Ms. Jennifer Ammons, Kitsap County Sheriff and Bremerton Police Department intentionally violated the Employee, **Mr. Calhoun**'s civil rights, pursuant to contract: Adjunct to Employer Boyle:

(i)    Allowed the other party to make and enforce such contract; although the other party had the same pains and punishment but did not receive; but-for, unlawful attachments provides a distinct motive (¶) Restraining Order does not have expiration nor adequate reason; also, the party seeking the Order must post a bond; Hereby, Ms. Spellman, etc., did not, allowing the employer to advocate and rendered judgment. (*see attached App. 55257-4*; *esp*, exh. filed 11.24.20).

(ii)   Open Term- Action on the Price UCC §2-709, $37,000.00 [RCW 7.68.120(6)] | Restitution & Child Support to same person. *Specified* contract;

(iii)  Court Fee, copies, postage $2,800.00 currently out-of-pocket;

[Dkt. # 51-1 at pp. 4-5].

ORDER - 4

## II.  DISCUSSION.

A.  **Calhoun's Motions.**

The Court has read and attempted to comprehend Calhoun's numerous motions and other filings, with limited success. His Motion for Reconsideration of the Court's Prior Order [Dkt. # 47], for example, includes the following argument:

> **(2.02¶)**     The Judiciary Act of 1789, 28 U.S.C. §1331, §§2201-2202 where the federal jurisdiction over other *in personam/in rem* cases requiring any mix-contracts and inter-modal transportation framework, distinctly salty from maritime and non-maritime clauses for which relates thereto an Admiralty cause of action for **Declaratory Relief** where a contract is in controversy.
>
> **(2.03¶)**     The employee sets forth the grounds for relief under Maritime contracts and instruments, under 46 U.S.C. §31321.

[Dkt. # 37 at 2].

Under Local Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. The term "manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." Black's Law Dictionary 622 (9th ed. 2009).

1   Calhoun's Motions for Reconsideration [Dkt. #s 45 and 47] do not articulate the
2   standard against which they are to be measured, they do not meet that standard, and they
3   are not otherwise persuasive. The Motions for Reconsideration [**Dkt. #s 45 and 47**] are
4   therefore **DENIED**. Calhoun's request to sever a portion of the case and send it to the
5   Washington Supreme Court [contained in Dkt. # 45] is also **DENIED**.

6   Calhoun's Motion at Dkt. # 54, which he docketed as a "Cross-Motion re 19
7   motion to Amend 1 Notice of Removal, 46 Motion To Dismiss For Failure to State a
8   Claim 23 Interlocutory Motion for Partial Summary Judgment 12 Motion to Stay
9   *Discovery*, 47 Cross-Motion and Response re 45 Motion for Reconsideration, Severing
10  and Extension of Time, 39 Agreed Motion for Default Judgment *FRCP 55, 56*, 10
11  Motion to Dismiss for Failure to State a Claim," but which is itself captioned a
12  "preliminary civil and equitable injunction," contains similar content, which is similarly
13  unhelpful. Calhoun apparently seeks damages and injunctive relief based on the
14  following argument:

> **2.   CIVIL INJUNCTION**
>
> (2.1)   Pursuant to Title 15 U.S.C. §1116, a court may place a civil injunction on the employer to seize and deist from further defamatory use of the employee's tradename where the court finds (i) the mark or tradename is fraudulently attached to an instrument; (ii) the instrument has irregularities, or misrepresents its

actual function; and (iii) ARMI, PIERCE COUNTY, et. al. Employers intend to enforce payments, knowing such instrument has expired causing a disreputable injury; **Relief** can be granted under 15 §§1117(a)(b)\1125 for anyone in connection a fine up to $\underline{1,000,000.00}$.

[Dkt. # 54 at pp. 2-3].

Respectfully, this makes no sense. The Motion [**Dkt. # 54**] is **DENIED**.

Calhoun has also filed and noted for hearing by this Court nine motions that include some sort of request for a "Default Judgment." [Dkt. #s 75, 76, 80, 83, 85, 86, 88, 90, and 93]. Calhoun represents that most are "unopposed," but that is not demonstrated and at least one Defendant against whom Calhoun seeks default judgment, Dynamic Collections, *does* oppose the motion, demonstrating that it has not been served. [Dkt. # 84].

Under this Court's Local Rule 55(b)(1), "No motion for judgment by default should be filed against any party unless the court has previously granted a motion for default against that party pursuant to LCR 55(a) or unless default otherwise has been entered." LCR 55(b)(1). And a party who has not been properly served, or who has appeared and defended, is not in default. Fed. R. Civ. P. 55(a).

Calhoun's various motions for default judgment do not address this standard, and they do not meet it. He has not demonstrated proper service on any of the parties against whom he seeks default judgments, and at least four sets of defendants have "defended"

Calhoun's lawsuit by seeking dismissal of it under Fed. R. Civ. P. 12(b). All of Calhoun's Motions for Default Judgment [**Dkt. #s 75, 76, 80, 83, 85, 86, 88, 90 and 93**] are **DENIED**.

Finally, Calhoun has filed an Emergency Motion for Disbursement of Funds. [Dkt. # 87]. It is unclear what funds he is talking about, and he makes no real effort to explain why he is entitled to them. Instead, his motion includes arguments like this:

> **(2.2)** For failing to respond under penalty of peremptory concludes default whereas Mr. Calhoun properly served the original defendants in a proper court of competent jurisdiction, providing a proper agreement to sever diverse issues, upon agreement, the adverse party under corrupt supervision snap-tricked all defendants into federal jurisdiction, requesting immediate concealing and removing of Mr. Calhoun's evidence, but-for commingling or altering signatures and initials, thus placed the sham actors to cause unnecessary delay, while submitting racial context; evidentially displayed as a new-age Antebellum theory of 1851-65, Owner Stephen Dawson, copyholding 10,000 slaves

situated on 1,000 acres, (*see* Daniel 07:10-9, 11) in conjunction with RCW *First Class cities*).

[Dkt. # 87-1 at 5]. This too is nonsensical, and it is frivolous. Calhoun's Emergency Motion for Disbursement of Funds [**Dkt. # 87**] is **DENIED**.

If and to the extent they sought a decision or action by the Court, the remainder of Calhoun's various Notices, Requests, and Applications are **DENIED**.

**B.     Defendants' Motions to Dismiss.**

    **1.     Pierce County's Motion to Dismiss.**

Pierce County seeks dismissal of all Calhoun's claims against it. It argues that Calhoun's claims should be dismissed for lack of personal jurisdiction (Fed. R. Civ. P. 12(b)(2)), insufficient process (Rule 12(b)(4)), and insufficient service (Rule 12(b)(5)). It also seeks dismissal for failure to state a plausible claim under Rule 12(b)(6).

Fed. R. Civ. P. 4 requires that the summons and complaint to be delivered, through personal service, upon each named defendant. A defendant's actual notice of the litigation does not cure defects in service—service of process in accord with Rule 4 is still required. *Mann v. Castiel*, 681 F.3d 368, 373 (D.C. Cir. 2012). The plaintiff bears the burden of establishing personal jurisdiction over the defendant. *Behagen, v. Amateur Basketball Ass'n of the United States,* 774 F.2d 731, 733 (10th Cir. 1984), *cert. denied,* 471 U.S. 1010 (1985).

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.

1 *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's
2 complaint must allege facts to state a claim for relief that is plausible on its face. *See*
3 *Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when
4 the party seeking relief "pleads factual content that allows the court to draw the
5 reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although
6 the Court must accept as true the Complaint's well-pled facts, conclusory allegations of
7 law and unwarranted inferences will not defeat a Rule 12(c) motion. *Vazquez v. L. A.*
8 *Cnty*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d
9 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his
10 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic
11 recitation of the elements of a cause of action will not do. Factual allegations must be
12 enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*,
13 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to
14 plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*,
15 129 S. Ct. at 1949 (citing *Twombly*). A pro se Plaintiff's complaint is to be construed
16 liberally, but like any other complaint it must nevertheless contain factual assertions
17 sufficient to support a facially plausible claim for relief. *Id*.

18 On a 12(b)(6) motion, "a district court should grant leave to amend even if no
19 request to amend the pleading was made, unless it determines that the pleading could not
20 possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal.*
21 *Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in
22

1  dispute, and the sole issue is whether there is liability as a matter of substantive law, the
2  court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).
3        In determining whether to grant leave under Rule 15, courts consider five factors:
4  "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and
5  whether the plaintiff has previously amended the complaint." *United States v. Corinthian*
6  *Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). Among these factors, prejudice to the
7  opposing party carries the greatest weight. *Eminence Capital,* 316 F.3d at 1052.
8        A proposed amendment is futile "if no set of facts can be proved under the
9  amendment to the pleadings that would constitute a valid and sufficient claim or
10 defense." *Gaskill v. Travelers Ins. Co.*, No. 11-cv-05847-RJB, 2012 WL 1605221, at *2
11 (W.D. Wash. May 8, 2012) (citing *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1393
12 (9th Cir.1997)).
13       Pierce County claims that Calhoun served only a "Petition for Order of Protection
14 and Notice of Hearing" on one defendant, Edmund Murphy, and that no Pierce County
15 defendant has ever been served a summons or complaint as required by well-settled state
16 (where he initially sued) and federal (where he filed his Third Amended Complaint)
17 authorities. The record does not reflect that any defendant was properly served a copy of
18 a summons and complaint in this case. Thus, Calhoun has failed to invoke this Court's
19 personal jurisdiction over any Pierce County Defendant.
20       Pierce County also argues that Calhoun has still failed to state a plausible claim,
21 even though the Court granted him leave to do so in response to its prior motion. [Dkt. #
22

43]. It argues that judges and other court employees enjoy absolute immunity from suit arising out of the performance of judicial or quasi-judicial functions.

Judicial immunity extends to judges and "certain others who perform functions closely associated with the judicial process," including clerks and commissioners. *Moore*, 96 F.3d at 1245 (quoting *Oliva v. Heller*, 839 F.2d 37, 39 (2d Cir. 1988)). *See also Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987) (immunities available to judges also apply to court staff "when they perform tasks that are an integral part of the judicial process," unless they act in the "clear absence of all jurisdiction"). This immunity cannot be overcome by allegations of legal error, bad faith, or malice. *Id.* at 1245. Rather, judicial or quasi-judicial immunity may only be overcome when a judicial officer acts outside his or her judicial capacity or in the complete absence of all jurisdiction. *Moore*, 96 F.3d at 1245. *See also Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Denman v. Leedy*, 479 F.2d 1097, 1098 (6th Cir. 1973); *Foster v. Walsh*, 864 F.2d 416, 417-18 (6th Cir. 1988); and *Stewart v. Minnick*, 409 F.2d 826 (9th Cir. 1969).

Pierce County correctly argues that this immunity applies whether the defendant is sued her official or personal capacity. *Hirsh v. Justices of the Supreme Court of California*, 67 F.3d 708, 715 (9th Cir. 1995). County prosecutors are similarly entitled to prosecutorial immunity. *See Imnbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).

Despite filing a dozen motions and a similar number of other Notices, Demands, Claims, and Applications, Calhoun has not responded to Pierce County's Motion to Dismiss. Under Local Rule 7(b)(2), a party's failure to respond to a motion to dismiss can be deemed by the court an admission that the motion has merit:

> (2) *Obligation of Opponent*. Each party opposing the motion shall, within the time prescribed in LCR 7(d), file with the clerk, and serve on each party that has appeared in the action, a brief in opposition to the motion, together with any supporting material of the type described in subsection (1). Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.

Pierce County's second Motion to Dismiss *does* have merit, and Calhoun's failure to respond to it is an admission of the same. For that reason, and for the reasons outlined in the Motion itself, Pierce County's Motion to Dismiss [**Dkt. # 62**] is **GRANTED**, and all of Calhoun's claims against all the Pierce County Defendants are **DISMISSED**.

The Court will not grant Calhoun leave to again amend his complaint. He has already done so, once in state Court and once here, without coming any closer to stating a plausible claim against any defendant. Indeed, he did not endeavor to cure the deficiencies identified in the Court's prior Order; he instead added new parties and new claims that have no relationship to the factual context of this case.

Further amendment could not cure the fatal deficiencies in his complaint and would be futile: The Pierce County Defendants are entitled to immunity as a matter of law, many of his claims (dating to 2009) appear to be time-barred, and he never served any defendant. Nor does Calhoun appear to be litigating in good faith—he continually files lengthy, serial motions that appear to be cut-and-pasted from somewhere else, citing authorities and principles that have nothing to do with this case, the facts, or the defendants he sued. Finally, Pierce County would be prejudiced by having to continue to defend what is a facially frivolous case. Therefore, the dismissal is **with prejudice and without leave to amend**.

### 2. AllianceOne Defendants' Motion to Dismiss

Alliance One and its officers and employees moved to dismiss [Dkt. # 46] after the Court ruled on Pierce County's first Motion to Dismiss, but before Calhoun filed his Third Amended Complaint [Dkt. # 51]. Technically, perhaps, the Motion should have been renewed and aimed at the operative complaint.

But Calhoun's current Complaint does not allege that AllianceOne (or, as he alternately calls it, "ARMI") actually did anything; its name appears only a handful of times, in contexts like this:

> **Voting Rights Statement**: enforcing the employee to lose Constitutional Rights Art. 15, without duly convicted Art. 13 §1; **Signed by**: Dave Shaw, ret. (full-time employee); Heather Demaine and Sean Waite (full-time employee); confirmed by Kevin Stock & Karisa Wessling – Pierce County Clerk \ Assigned to "ARMI".

[Dkt. # 51-1 at p. 6]. Calhoun does not seek any relief from AllianceOne, and he has not identified or factually supported any plausible claim against it. The Court will consider the motion and Calhoun's responses to it [Dkt. #s 48 and 49].

AllianceOne's arguments apply to each of Calhoun's complaints. It argues that the Court lacks personal jurisdiction over it because Calhoun has failed to demonstrate that he ever served a summons and complaint on it. The record does not reflect that he did. As discussed above, in the absence of proper service, the Court does not have personal

jurisdiction over the defendant. Fed. Rule Civ. P. 4. The Motion to Dismiss on this basis is **GRANTED**.

AllianceOne also argues[1] that Calhoun has failed to state a plausible claim against it, and that any such claim would be time barred in any event. It does not also argue, though it could, that if and to the extent Calhoun asserts a 42 U.S.C. § 1983 claim against it for violating his constitutional rights, that claim is fatally flawed because AllianceOne is neither a person nor a state actor under § 1983.

Calhoun's responses do not address any of these arguments. Instead, the clearest articulation of his constitutional claim against AllianceOne is that Pierce County Judges sent his LFOs to collection:

> **(2.7f)** Mr. Calhoun is unconscionably contracted with a foreign debt collector ARMI; such terms and conditions were communicated across land or water and are commercially unreasonable; however the specifications involving state *Tonnage* wherein such debt is unlawfully restrained to, or affecting, an instrumentality of commerce; for whomever is enforcing the payment without legal capacity; is in FACT unconstitutional *on its face* thus damaging to Mr. Calhoun's credit, (civil) liberty, financial sustenance.

---

[1] AllianceOne also argues the Court does not have subject matter jurisdiction because there is no diversity of citizenship, but the Pierce County removed the case here under 28 U.S.C. § 1331 (federal question), based on Calhoun's § 1983 claims. [Dkt. # 1].

[Dkt. # 48 at p. 7]. This is not a plausible claim against AllianceOne, as a matter of law. AllianceOne's Motion to Dismiss on this basis is **GRANTED**.

Furthermore, Calhoun's claims against AllianceOne are time barred. Section 1983 contains no statute of limitations. Federal (and state, for that matter) courts instead "borrow" §1983 limitations periods from analogous state law. Specifically, they borrow the state's "general or residual statute for personal injury actions." *Owens v Okure*, 488 U.S. 235. 250 (1989). In Washington, that statute is RCW 4.16.080(2), which is a three-year limitations period. *Bagley v CMC Realty Corp*., 923 F.2d 758, 760 (9th Cir. 1991). Therefore, in this District, the limitations period for a §1983 claim is three years.

Calhoun sued in July 2020, asserting claims based on LFO obligations imposed on him between February 2009 and September 2016—more than three years before he sued.

For each of these reasons, AllianceOne's Motion to Dismiss [**Dkt. # 46**] is **GRANTED**, and Calhoun's claims against the AllianceOne Defendants are **DISMISSED**. Because Calhoun could not remedy the deficiencies through yet another amendment, the dismissal is **with prejudice and without leave to amend**.

∗ ∗ ∗

The Clerk shall **RE-NOTE** the pending motions to dismiss [Dkt. #s 79, 81, and 82] for February 5. Calhoun's Responses are due **Monday February 1**. He should address the merits of the motions point by point, with reference to relevant factual allegations and to applicable legal authority. Further filings of the sort quoted in this order will result in the dismissal of his claims against the moving parties. The Court is

unlikely to entertain any other motions filed by Calhoun before the pending motions to dismiss are resolved.

IT IS SO ORDERED.

Dated this 20th day of January, 2021.

BENJAMIN H. SETTLE  
United States District Judge